UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KELLY J. WISE,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>SUNTRUST MORTGAGE, INC.; THE WOLF FIRM; and DOES 1-100, Inclusive,<br><br>　　　　　　　Defendants. | Case No.: 11-CV-01360-LHK<br><br>ORDER REMANDING CASE |

On March 10, 2011, Plaintiff Kelly J. Wise filed a complaint in the Superior Court of Santa Cruz County against Defendants Suntrust Mortgage, Inc. ("Suntrust") and Wolf Firm ("Wolf Firm"), alleging claims arising in connection with a home mortgage transaction. On March 24, 2011, Defendant Suntrust removed this action to federal court on the basis of federal question and diversity jurisdiction. Subsequently, on April 14, 2011, Plaintiff filed an application for a temporary restraining order seeking to enjoin a Trustee Sale scheduled to take place on April 19, 2011. This action was reassigned to the undersigned Judge on April 15, 2011. Having reviewed the pleadings and papers filed in this action, the Court finds this it lacks removal jurisdiction and REMANDS the case to state court.

**I.    Background**

On March 10, 2011, Plaintiff filed a Complaint in the Santa Cruz County Superior Court against Defendants Sun Trust and Wolf Firm. Plaintiff's Complaint asserted four claims under

1

Case No.: 11-CV-01360-LHK
ORDER REMANDING CASE

1   California state law: (1) fraud; (2) concealment; (3) wrongful foreclosure in violation of California
2   Civil Code § 2329.5; and (4) violations of California Business and Professions Code § 17200.  On
3   March 18, 2011, Defendant Wolf Firm filed a Declaration of Non-Monetary Status.  Notice of
4   Removal, Ex. 2, ECF No. 1.  Approximately six days later, on March 24, 2011, Sun Trust removed
5   the action to federal court on the basis of federal question and diversity jurisdiction.  Sun Trust
6   subsequently filed a motion to dismiss Plaintiff's Complaint, and on April 13, 2011, Plaintiff
7   responded to Sun Trust's motion by filing a First Amended Complaint.  The First Amended
8   Complaint asserts six claims under California state law: (1) fraud pursuant to California Civil Code
9   § 1710; (2) actual fraud, pursuant to California Civil Code § 1572; (3) negligent misrepresentation;
10  (4) concealment; (5) wrongful foreclosure in violation of California Civil Code § 2923.5; and (6)
11  violations of California Business and Professions Code § 17200.

On April 14, 2011, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") to enjoin the sale of her property pursuant to a Trustee's Sale that is currently scheduled for April 19, 2011, at 1:30 p.m.  Sun Trust opposes Plaintiff's application.  The Court does not reach the merits of Plaintiff's TRO application, however, because it finds that it lacks subject matter jurisdiction over the removed action.

**II.    Legal Standard**

Every federal court has an independent obligation to examine its own jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court.  28 U.S.C. § 1447(c).  Federal jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir. 2002).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

2

Case No.: 11-CV-01360-LHK
ORDER REMANDING CASE

### III. Analysis

In its notice of removal, Sun Trust claims that this Court has jurisdiction over this action on the basis of both federal question and diversity jurisdiction. The Court will consider each potential jurisdictional basis in turn.

#### A. Federal Question Jurisdiction

Plaintiff's state court Complaint asserts four causes of action, each arising under California state law.[1] In its Notice of Removal, Sun Trust argues that this Court has federal question jurisdiction over these state law claims because they are predicated upon violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* Specifically, Sun Trust argues that the general allegations in the Complaint plead claims under these federal statutes and that Plaintiff's claims for fraud and concealment are artfully pled TILA and RESPA claims. Sun Trust therefore argues that Plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law, and this Court has federal question jurisdiction over Plaintiff's claims. The Court disagrees.

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule makes the plaintiff the master of her complaint and permits her to avoid federal jurisdiction by relying exclusively on state law. *Id.* Ordinarily, therefore, federal question jurisdiction is determined from the face of the plaintiff's complaint. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

The artful pleading doctrine allows federal courts to retain jurisdiction over state law claims that implicate a substantial, disputed federal question. *Lippitt v. Raymond James Financial*

---

[1] Plaintiff's First Amended Complaint, filed in federal court on April 13, 2011, also contains only state law claims. However, removal jurisdiction "must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Accordingly, the Court considers Plaintiff's original state court Complaint to determine whether federal question jurisdiction exists.

3

Case No.: 11-CV-01360-LHK
ORDER REMANDING CASE

*Services, Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003). The scope of this exception is limited, however, for it is "long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Similarly, the "mere need to apply federal law in a state-law claim" does not "suffice to open the 'arising under' door" to federal jurisdiction. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005). Thus, the fact that a complaint references federal law, or that the same facts would provide a basis for a federal claim, without more, does not convert a state law claim into a federal claim. *See Easton*, 114 F.3d at 982 (finding no removal jurisdiction where complaint alleged violations of the federal Civil Rights Act and federal Constitution, but sought relief only under state law); *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (finding no removal jurisdiction where complaint relied on federal law to establish a state-law claim for wrongful termination in violation of public policy and same facts could have supported a federal civil rights claim).

       Plaintiff's Complaint alleges only state law claims and does not even reference the federal statutes identified by Sun Trust. While some of Plaintiff's allegations might also form the basis for a federal claim, "[t]hat the same facts could have been the basis for a [federal] claim does not make [Plaintiff's state-law] claim into a federal cause of action." *Rains*, 80 F.3d at 344. In this case, a state court considering Plaintiff's claims will not necessarily need to determine whether Defendants violated TILA, RESPA, or ECOA. Rather, the state court will ask whether Plaintiff has adequately pled and proven the elements of state-law fraud and concealment; whether Defendants complied with the foreclose procedures set forth in California Civil Code § 2923.5; and whether Sun Trust's actions constituted an unfair business practice under California Business and Professional Code §17200. Such analysis will not require the state court to resolve substantial questions of federal law. *See, e.g. Wright v. Saxon Mortgage Services*, No. C 10-03425 SBA, 2011 WL 500798 (N.D. Cal. Feb. 9, 2011) (remanding similar state-law claims and rejecting argument that complaint included artfully pled federal claims); *Gaspar v. Wachovia Bank*, No. C 10-3597 SBA, 2010 WL 4314884 (N.D. Cal. Oct. 26, 2010) (same). Accordingly, the Court finds that Plaintiff's claims do

4
Case No.: 11-CV-01360-LHK
ORDER REMANDING CASE

not require resolution of a substantial, disputed question of federal law and cannot serve as a basis for federal question jurisdiction.

### B. Diversity Jurisdiction

Sun Trust also claims that the Court has diversity jurisdiction over this action. The Notice of Removal acknowledges that complete diversity does not exist between the parties: Defendant Sun Trust is a citizen of Virginia, but Plaintiff and Defendant Wolf Firm are both citizens of California. Notice of Removal ¶¶ 16-18. Sun Trust argues, however, that the citizenship of Wolf Firm does not impact diversity because Wolf Firm is a nominal party who was fraudulently joined in this action. Notice of Removal ¶¶ 18-20.

Where a plaintiff fails to state a cause of action against a non-diverse defendant, "and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent and removal is proper." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quotation marks and citation omitted). "In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993 (D. Nev. 2005). Here, Plaintiff's state-court Complaint names Wolf Firm in the third cause of action for violations of California Civil Code § 2923.5, which sets forth procedures that a mortgagee, trustee, beneficiary, or authorized agent must follow before instituting non-judicial foreclosure proceedings. Compl. at 14. Courts have held that that Section 2923.5 creates a private right of action. *See, e.g.*, *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214, 217-25, 110 Cal. Rptr. 3d 201 (Cal. Ct. App. 2010); *Kariguddaiah v. Wells Fargo Bank, N.A.*, No. C 09-5716 MHP, 2010 WL 2650492, at *6 (N.D. Cal. July 1, 2010). Moreover, because Section 2923.5 imposes duties that may extend to the trustee, *see* Cal. Civ. Code § 2923.5(a), courts have found that it is not "obvious" that a plaintiff alleging wrongful foreclosure cannot state a claim against the trustee. *Sun v. Bank of America Corp.*, No. SACV 10-0004 AG (MLGx), 2010 WL 454720, at *3 (C.D. Cal. Feb. 8, 2010). Here, in addition, Wolf Firm has agreed to be bound any judgment or order issued in this action other than monetary awards. Notice of Removal Ex. 2 ¶ 3. Accordingly, if Plaintiff is able to state a claim for violations of Section 2923.5, she may be able to obtain injunctive relief against both Sun Trust and Wolf Firm to

5
Case No.: 11-CV-01360-LHK
ORDER REMANDING CASE

not require resolution of a substantial, disputed question of federal law and cannot serve as a basis for federal question jurisdiction.

### B. Diversity Jurisdiction

Sun Trust also claims that the Court has diversity jurisdiction over this action. The Notice of Removal acknowledges that complete diversity does not exist between the parties: Defendant Sun Trust is a citizen of Virginia, but Plaintiff and Defendant Wolf Firm are both citizens of California. Notice of Removal ¶¶ 16-18. Sun Trust argues, however, that the citizenship of Wolf Firm does not impact diversity because Wolf Firm is a nominal party who was fraudulently joined in this action. Notice of Removal ¶¶ 18-20.

Where a plaintiff fails to state a cause of action against a non-diverse defendant, "and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent and removal is proper." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quotation marks and citation omitted). "In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993 (D. Nev. 2005). Here, Plaintiff's state-court Complaint names Wolf Firm in the third cause of action for violations of California Civil Code § 2923.5, which sets forth procedures that a mortgagee, trustee, beneficiary, or authorized agent must follow before instituting non-judicial foreclosure proceedings. Compl. at 14. Courts have held that that Section 2923.5 creates a private right of action. *See, e.g.*, *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214, 217-25, 110 Cal. Rptr. 3d 201 (Cal. Ct. App. 2010); *Kariguddaiah v. Wells Fargo Bank, N.A.*, No. C 09-5716 MHP, 2010 WL 2650492, at *6 (N.D. Cal. July 1, 2010). Moreover, because Section 2923.5 imposes duties that may extend to the trustee, *see* Cal. Civ. Code § 2923.5(a), courts have found that it is not "obvious" that a plaintiff alleging wrongful foreclosure cannot state a claim against the trustee. *Sun v. Bank of America Corp.*, No. SACV 10-0004 AG (MLGx), 2010 WL 454720, at *3 (C.D. Cal. Feb. 8, 2010). Here, in addition, Wolf Firm has agreed to be bound any judgment or order issued in this action other than monetary awards. Notice of Removal Ex. 2 ¶ 3. Accordingly, if Plaintiff is able to state a claim for violations of Section 2923.5, she may be able to obtain injunctive relief against both Sun Trust and Wolf Firm to

5
Case No.: 11-CV-01360-LHK
ORDER REMANDING CASE

postpone any further foreclosure proceedings.  For these reasons, the Court cannot find that Wolf was fraudulently joined.  *See Sun*, 2010 WL 454720, at *3 (finding that trustee was not fraudulently joined where plaintiff alleged § 2923.5 violation against trustee).

A second exception to the complete diversity requirement applies to nominal parties. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir. 2002).  Here, Defendant alleges that as trustee, Wolf Firm is a nominal defendant to this action because it filed a statement of non-monetary status pursuant to California Civil Code § 2924*l* on March 18, 2011.  Notice of Removal ¶ 18.  Section 2924*l* permits a trustee to declare non-monetary status if the trustee "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee."  Cal. Civ. Code § 2929*l*(a).  If there is no objection to the declaration within 15 days of filing, the trustee gains non-monetary status.  Cal. Civ. Code § 2929*l*(d).

As Sun Trust points out, federal courts have considered parties with non-monetary status under § 2924*l* to be nominal parties for purposes of diversity jurisdiction.  *See Amaro v. Option One Mortgage Corp.*, No. EDCV 08-1498-VAP (AJWx), 2009 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009); *Hafiz v. Greenpoint Mortgage Funding., Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009).  However, in order for this Court to have jurisdiction over the removed action, original federal jurisdiction must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp.*, 300 F.3d at 1131.  In this case, Wolf Firm had not attained nominal party status at the time of removal.  As noted above, a party gains non-monetary status and is transformed into a nominal party only if no objection is served within the 15-day objection period.  Cal. Civ. Code § 2924*l*.  Sun Trust removed this action to federal court on March 22, 2011, approximately 4 days after Wolf Firm filed its Declaration of Non-Monetary Status and 11 days before the objection period expired.  Accordingly, at the time of removal, Wolf Firm had not yet attained non-monetary status and was not yet a nominal party for purposes of diversity jurisdiction.  *See Sun*, 2010 WL

454720, at *2-3 (finding that trustee was not a nominal party for purposes of diversity jurisdiction where action was removed 13 days after trustee filed a declaration of non-monetary status).

Because the Court has found that Wolf Firm was not fraudulently joined and was not a nominal party at the time of removal, its presence in this action prevented removal based on diversity jurisdiction. Accordingly, the Court finds that diversity jurisdiction was not a proper basis for removal of this action to federal court.

### IV.     Conclusion

The Court has found that neither federal question nor diversity jurisdiction existed at the time that this action was removed to federal court. Accordingly, the Court lacks subject matter jurisdiction over the removed action. For this reason, the Court does not reach the merits of Plaintiff's application for a temporary restraining order and instead REMANDS this case to the Santa Cruz County Superior Court. Plaintiff may seek relief in state court, if appropriate.

**IT IS SO ORDERED.**

Dated: April 18, 2011

_____
LUCY H. KOH
United States District Judge

7
Case No.: 11-CV-01360-LHK
ORDER REMANDING CASE